**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3939
_____

WEI ZHANG,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No.: A093-339-530)
Immigration Judge: Honorable Michael W. Straus

_____

Submitted under Third Circuit LAR 34.1(a)
on September 9, 2015

Before:  VANASKIE, NYGAARD, and RENDELL, Circuit Judges

(Opinion filed: December 1, 2015)

OPINION[*]

**RENDELL**, <u>Circuit Judge</u>:

Appellant Wei Zhang ("Zhang") petitions for review of the Judgment of the

Board of Immigration Appeals ("BIA"). Zhang raises three issues on appeal: (1) whether

the BIA erred in requiring Zhang to corroborate her claims of persecution; (2) whether

the BIA erred in upholding the Immigration Judge's ("IJ") adverse credibility and lack of

corroboration determinations; and (3) whether the BIA erred in finding that the IJ did not

abuse his discretion in denying Zhang's motion to present telephonic witness testimony.

We will deny the petition for review.

## I. Background

Zhang entered the United States as a nonimmigrant B1 visitor with authorization

to remain in the United States temporarily. Zhang remained in the United States past the

allotted date. After receiving a Notice to Appear charging her with removability, Zhang

filed for asylum, withholding of removal, and protection under the Convention Against

Torture. Zhang submitted a personal statement claiming that she was persecuted in China

because she protested against the government of the People's Republic of China and

violated China's family planning policy. Zhang also submitted a translated letter from

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

her mother in support of her assertions. The IJ denied Zhang's applications. Zhang appealed, and the BIA dismissed her appeal.

## II. Analysis

### A. Corroboration Requirement

Zhang urges that, because China has a purported pattern or practice of persecution of political dissidents and she is a political dissident, the IJ should not have required her to corroborate her claim of persecution. This is the first time Zhang raises this argument, and, pursuant to 8 U.S.C. § 1252(d)(1), a petitioner cannot raise a new issue in her petition for review. *See Kibinda v. Att'y Gen.*, 477 F.3d 113, 120 n.8 (3d Cir. 2007) ("[Petitioner] did not make any such claim before the IJ or BIA and cannot raise that claim for the first time in a petition for review.") Although Zhang argued to the BIA that "[i]t was clearly erroneous for the IJ to require corroboration of [Zhang's] alleged forced abortion and that [she] was a leader of the protest of laid-off workers against the government," she never urged that China's purported pattern or practice of persecution of political dissidents was reason for the IJ to ignore her lack of corroboration. (A.R. 15-16.) Instead, she focused on the emotional trauma that she had suffered in China, and that her "great trauma and pain" should excuse her lack of corroboration. (A.R. 16.) Accordingly, her claim on appeal is unexhausted. Pursuant to 8 U.S.C. § 1252(d)(1), we lack jurisdiction to consider this unexhausted claim and, therefore, do not reach its merits.

### B. Adverse Credibility and Lack of Corroboration Determinations

The IJ's adverse credibility and lack of corroboration determinations are reviewed pursuant to the substantial evidence standard. *See Xia Yue Chen v. Gonzales*, 434 F.3d

3

212, 216, 220 (3d Cir. 2005).  Under this highly deferential standard, the Court must uphold the BIA's findings "unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 483-84 (3d Cir. 2001).

Pursuant to 8 U.S.C. § 1158, a trier of fact may, "considering the totality of circumstances, . . . base a credibility determination on . . . the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements," inter alia.  8 U.S.C. § 1158(b)(1)(B)(iii).  Here, the IJ noted multiple inconsistencies between Zhang's testimony and other evidence in the record— inconsistencies regarding why Zhang stopped participating in dissident activities and the frequency with which Chinese authorities approached her mother.  Given these inconsistencies, Zhang cannot surmount the highly deferential standard required to overturn the IJ's adverse credibility determination.

Likewise, substantial evidence supports the IJ's lack of corroboration determination.  Other than a letter from her mother, which contradicted in part Zhang's testimony, and a card showing that she was a member of a Chinese dissident party, Zhang offered no corroboration of her claims.  In particular, she failed to corroborate her claims that she received a forced abortion or that she was the leader of a group of laid-off workers who protested against the government.  Accordingly, substantial evidence supports the IJ's lack of corroboration determination.

4

C.  Telephonic Witness Testimony

The IJ "may"—but need not—permit telephonic testimony.  8 C.F.R.
§ 1003.25(c).  Here, as the BIA correctly determined, "there were reasonable concerns
about the inability to reliably verify the identity of [the witness] over the telephone."
(A.R. 4.)  Given these reasonable concerns, the IJ did not err in refusing to permit
telephonic testimony.

### III. Conclusion

For the foregoing reasons, we will deny the petition for review.

5